FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2020 FEB 10 PM 3:59

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 10, 2020

LETTER TO PLAINTIFF'S COUNSEL

Re: *CX Reinsurance Company Limited v. Brentwood Properties, LLC et al.,*
Civil Action No. ELH-19-226

Dear Counsel:

As you know, plaintiff CX Reinsurance Company Limited ("CX Re") filed suit on January 24, 2019, seeking a declaratory judgment against defendants Brentwood Properties, LLC ("Brentwood"); Chase Management, Inc. ("Chase"); Paul L. Taylor Jr.; De'Asia Wilson; and David Wilson, Jr. ECF 1 (the "Complaint"). In the suit, CX Re asks the Court to declare that it is not required to defend or indemnify Brentwood, Chase, and Taylor for claims asserted against them by the Wilsons in regard to a case pending in the Circuit Court for Baltimore City. In that case, the Wilsons seek damages for injuries they allegedly sustained due to exposure to lead paint and dust at 1518 Brentwood Avenue in Baltimore, Maryland.

Summons were issued on the day the suit was filed. ECF 3. And, summons were reissued as to the Wilsons on May 13, 2019. ECF 6. However, because the docket did not reflect that defendants had been served, I issued an Order on September 4, 2019, directing plaintiff to serve the defendants by September 23, 3019, or show cause as to why the complaint should not be dismissed, pursuant to Fed. R. Civ. P. 4(m). *See* ECF 7.

On September 23, 2019, summons were returned executed as to Brentwood, Chase, and Taylor. ECF 8. They have not yet responded to the suit. Also on September 23, 2019, plaintiff filed a Notice and Proof of Service (the "Notice," ECF 9) regarding the Wilsons, supported by two exhibits. ECF 9-1 and ECF 9-2. In the Notice, CX Re averred that its private process server has made "several attempts" to serve both Ms. Wilson and Mr. Wilson but those efforts were "without success." *Id.* at 2. And, plaintiff's counsel stated that he "conducted further research to locate De'Asia Wilson and David Wilson, but was likewise unsuccessful." *Id.*

According to plaintiff, "joinder of De'Asia Wilson and David Wilson is not required under Fed. R. Civ. P. 19" because "this Court disposing of this matter should not as a practical matter impair or impede their ability to protect any legally cognizable interests . . . or leave any other party subject to incurring multiple or inconsistent obligations." *Id.* Thus, plaintiff requested that the Court permit its suit to proceed against Brentwood, Chase, and Taylor. *Id.* CX Re did not

address the impact on the Wilsons if CX Re prevails, leaving the defendants in the Wilsons' underlying tort case without insurance.

By Order of November 13, 2019 (ECF 10), I declined to grant the request of CX Re in ECF 9 to proceed in this case without the Wilsons. I stated: "To my knowledge, the Wilsons are represented by counsel in the underlying State court action. *See Wilson v. Brentwood Props., LLC*, No. 24-C-18-000615 (Md. Cir. Ct.).[] But, counsel for CX Re does not indicate whether any effort was made to contact counsel for the Wilsons to obtain a suitable address to effect service on them." *Id.* Therefore, I directed CX Re to effect service of process on De'Asia Wilson and David Wilson by December 15, 2019, or show cause by that date why service could not be achieved.

As of December 15, 2019, the docket did not reflect that CX Re had served the Wilsons. Therefore, by Order of January 13, 2020, I gave CX Re another opportunity to effect service. ECF 11. In the Order, I directed CX Re to effect service by January 29, 2020, or show cause by that date as to why the Complaint should not be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m). *Id.*

As of today, CX Re has submitted no evidence that summons forms were provided to the Clerk's office. Moreover, CX Re has not shown that service has been effected. Nor has CX Re provided a basis for its continued failure to serve the Wilsons. Therefore, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8, I shall dismiss this case, *without prejudice*.

The Clerk is directed to close this case.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

cc: Brentwood Properties, LLC; Chase Management, Inc.; Paul Taylor, Jr.; De'Asia Wilson; and David Wilson, Jr.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge